eIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT R WOLF,

     Plaintiff,

v.                                                                      No. 23-cv-1120-JCH-KBM

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) (Complaint).   Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.   The Complaint alleges that in 2022 and 2023, Plaintiff ordered several books and publications to aid in his legal cases.   *See* Doc. 1 at 6, 7, 14.   The publications include a book addressing the Prisoner Litigation Reform Act, Prison Legal News, and paralegal course materials.   *Id.*   Prison officials initially approved the orders, and in at least one instance, money was deducted from Plaintiff's account. *Id.* at 7, 14.   However, when the books and publications arrived, prison officials issued rejection notices.   *Id.*   Plaintiff alleges the book rejections violate his right to access information under the First Amendment.   *Id.*   The Complaint seeks damages under 42 U.S.C. § 1983 against six Defendants: (1) New Mexico Corrections Department (NMCD); (2) Warden Timothy Hatch; (3) Deputy Warden John Sanchez; (4) Unit Manager Kristal Rivera; (5) Mailroom Clerk Cheryl Doren; and (6) Deputy Warden Carl Wilkens.   *Id.* at 2.

Having reviewed the matter *sua sponte* pursuant to 28 U.S.C. § 1915(e), the Court finds Plaintiff's allegations survive initial review.   The Tenth Circuit instructs that complaints should

not be dismissed on screening where prison officials denied a book request, and the reasons for the decision are unclear.  *See Khan v. Barela*, 808 Fed. App'x 602, 608 (10th Cir. 2020) (reversing screening dismissal and remanding for record development); *Whitehead v. Marcantel*, 766 Fed. App'x 691, 696 (10th Cir. 2019) (same).   The Tenth Circuit has also suggested a ban on inmate books from the publisher in this case, Prison Legal News, may be unconstitutional.   *See Jacklovich v. Simmons*, 392 F.3d 420, 431 (10th Cir. 2004) (reversing district court and suggesting ban on purchases from Prison Legal News was not reasonably related to legitimate penological interests).

The Complaint further alleges each named prison official was personally involved in the alleged wrongdoing by rejecting books.  *See* Doc. 1 at 6, 7, 14, 15; *Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (a § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution).   The Court will therefore direct Defendants Hatch; Sanchez; Rivera; Doren; and Wilkens to file an answer to the Complaint.   The claims against those Defendants will be resolved on a full evidentiary record and after the assigned Magistrate Judge conducts a *Martinez* investigation, if appropriate.   *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) and noting a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims").   To expedite matters, the Clerk's Office will issue notice and waiver of service forms to the above prison officials at the addresses listed in the Complaint.   The Court will give each Defendant an opportunity to waive formal service requirements before ordering personal service by the U.S. Marshal.   The costs of service may be imposed on a Defendant if he or she declines to waive personal service without good cause.   *See* Fed. R. Civ. P. 4(d)(2).

As to the remaining Defendant, it is well settled that NMCD "is not a 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997) and *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).   The Court will therefore dismiss all § 1983 claims against NMCD with prejudice.   Such dismissal will not impact Plaintiff's ability to prosecute his claims against the remaining Defendants in this case.

**IT IS ORDERED** that all 42 U.S.C. § 1983 claims set forth in the Complaint (**Doc. 1**) against Defendant New Mexico Corrections Department are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Complaint (**Doc. 1**) to the following Defendants: (1) Warden Timothy Hatch; (2) Deputy Warden John Sanchez; (3) Unit Manager Kristal Rivera; (4) Mailroom Clerk Cheryl Doren; and (5) Deputy Warden Carl Wilkens.   The Clerk's Office shall mail the documents to the addresses listed in Plaintiff's Complaint (Doc. 1 at 3-5).

_____
SENIOR UNITED STATES DISTRICT JUDGE