IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT WOLF,

    Plaintiff,

vs.                                                                                  CIV 23-1120 JCH/SCY

TIMOTHY HATCH; JOHN
SANCHEZ; KRISTAL RIVERA;
CHERYL DOREN; and CARL
WILKENS,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff's Motion Requesting the Court to Reconsider Dismissal of Plaintiff's Complaint for Failure to Exhaust. Doc. 44; *see also* Doc. 45 (response).[1] As background, on August 6, 2025, I entered a Proposed Findings and Recommended Disposition ("PFRD") regarding Plaintiff's complaint and Defendants' corresponding *Martinez* Report. Doc. 39. In that PFRD, I recommended that the Court grant in part summary judgment in Defendants' favor, finding that Plaintiff failed to exhaust his administrative remedies regarding his claims for rejection of a PLRA book on February 10, 2022, March 11, 2022, and March 30, 2022, and dismiss those claims without prejudice. *Id.* I also recommended that the Court deny in part summary judgment as to Plaintiff's First Amendment and due process claims regarding rejections of books and publications on March 30, 2022 (related to Prison Legal News), April 16, 2022, May 10, 2022, June 2, 2023, and June 14, 2023. *Id.* On September 9, 2025, the Court adopted these recommendations over Plaintiff's objections. Doc. 43. Plaintiff then filed the present motion to reconsider. Doc. 44.

---

[1] Plaintiff did not file a reply and his time to do so has expired. *See* D.N.M. LR-Civ. 7.4(a).

The Court has discretion to reopen "every order short of a final decree." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liability of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Tenth Circuit has indicated that a district court faced with a Rule 54(b) motion to reconsider may use the standards for reviewing a motion to alter or amend a judgment under Rule 59(e) to guide its analysis. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

In his motion to reconsider, Plaintiff argues that Defendants "impeded" and "thwarted" his ability to exhaust his administrative remedies. Doc. 44 at 1, 2. I, however, have already addressed this argument in the prior PFRD:

> Plaintiff alleges that the Grievance Officer "trashes" grievances "before anything can be done with them." Doc. 1 at 10. Here, however, the issue is not that Plaintiff claims to have submitted a grievance, which was then destroyed by an officer such that Defendants were unable to locate it. Rather, the issue is that grievances both sides agree Plaintiff did submit were untimely.

Doc. 39 at 13. In the present motion, Plaintiff offers no additional evidence or argument to warrant reconsidering this analysis.

Plaintiff also argues the merits of his First Amendment claim. Doc. 44 at 2-3. However, the Court's previous order denied Defendants' request for summary judgment as to the merits of the remaining claims (i.e., those not dismissed for failure to exhaust). In other words, when addressing the merits, the Court already came out in Plaintiff's favor as to the requested relief—it denied Defendant's motion for summary judgment—and so reconsideration would not benefit Plaintiff.

In sum, Plaintiff presents no intervening change in the controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice that would warrant reconsideration of the Court's September 9 Order adopting the prior PFRD. I therefore recommend that the Court DENY Plaintiff's Motion Requesting the Court to Reconsider Dismissal of Plaintiff's Complaint for Failure to Exhaust (Doc. 44).

_____
Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**