IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT R. WOLF,

Plaintiff,

v. No. 23-cv-1120-JCH-SCY

TIMOTHY HATCH, JOHN SANCHEZ,
KRISTAL RIVERA, CHERYL DOREN,
and CARL WILKENS,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL**

Plaintiff Robert R. Wolf, proceeding pro se, filed a *Motion to Compel* (Dkt. No. 62) after the Court dismissed this case with prejudice following successful mediation. *See* Order of Dismissal with Prejudice (Dkt. No. 61). Defendants filed a response opposing the motion on September 1, 2026. Resp., Dkt. No. 63. Plaintiff did not file a reply and the deadline to do so has expired. Having considered the motion, response, record, and applicable law, the Court will deny the motion to compel.

## I. BACKGROUND

Plaintiff is incarcerated at Central New Mexico Correctional Facility. *See* Compl., Dkt. No. 1 at 3 of 16. On December 15, 2023, he filed a complaint alleging that he ordered several books and publications to aid his legal case, but when they arrived, prison officials issued rejection notices on eight occasions in 2022 and 2023. *See id.* at 6-7, 14-15. He brought claims under both the First and Fourteenth Amendments. *Id.* at 6. This Court dismissed with prejudice claims against the New Mexico Corrections Department and dismissed without prejudice claims related to three rejection notices for failure to exhaust administrative remedies. *See* Order 3, Dkt. No. 7; Proposed

Findings and Recommended Disposition ("PFRD") 19, Dkt. No. 39; Order 2, Dkt. No. 43. *See also* Order 2, Dkt. No. 49 (denying motion to reconsider dismissal of claims for failure to exhaust). Plaintiff's First and Fourteenth Amendment claims, however, survived summary judgment. *See* PFRD 20, Dkt. No. 39, Order 2, Dkt. No. 43.

The Honorable Steven C. Yarbrough held a settlement conference on March 31, 2026, during which the case settled. Clerk's Minutes, Dkt. No. 54. On May 21, 2026, Plaintiff filed a motion to withdraw the settlement due to non-compliance of the settlement. Pl.'s Mot. to Withdraw, Dkt. No. 56. Judge Yarbrough held a telephonic status conference on June 2, 2026, to discuss the status of the settlement. Clerk's Minutes, Dkt. No. 59. Defense counsel explained that Plaintiff signed the proposed dismissal order and there may have been an overlap in timing with him receiving the settlement check and filing the motion to withdraw the settlement. *Id.* Plaintiff agreed that the matter had been resolved. *Id.* Accordingly, the Court denied as moot the motion to withdraw the settlement. *Id.*; Order, Dkt. No. 60. On June 4, 2026, the undersigned, having found that the parties reached an agreement resolving this matter, entered an Order of Dismissal with Prejudice. Order, Dkt. No. 61.

On August 18, 2026, Plaintiff filed what he titles a "Motion to Compel." Pl.'s Mot. 1, Dkt. No. 62. After acknowledging the settlement, he asserts that the "Mail Room has been rejecting my Mail. And not sending – rejecting slips. Sent it back anyway." *Id.* He alleges that the "Mail Room has not been in Compl[i]ance with the Court Order," and that it "is Contempt of Court Order," warranting sanctions in the amount of $25,000 each. *Id.* at 2-3.

In response, Defendants argue that Plaintiff cannot revive the case with this filing. Def.'s Resp. 1, Dkt. No. 63. According to Defendants, they conducted a comprehensive review of

mailroom rejection records and deny that Plaintiff's mail has been withheld, rejected, denied, or returned. *Id.* They assert the matter should remain dismissed with prejudice. *Id.*

## II. ANALYSIS

Consent decrees are generally enforced through the court's civil contempt power. *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). "To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citation omitted).

Here, Plaintiff has not – and cannot – show that a valid court order or consent decree exists that Defendants violated. Even assuming Plaintiff's factual assertions are true, they relate to actions by Defendants that occurred after the facts alleged in his Complaint. They are outside the scope of the claims he brought in this case. Plaintiff identifies no Order by this Court or consent decree granting any form of prospective injunctive relief arising from the settlement of this case. Simply put, this Court has not entered an Order prohibiting or constraining any actions of Defendants. Defendants therefore cannot be in contempt of Court for the actions about which Plaintiff complains. Plaintiff's new claims cannot be asserted in this closed case.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Compel* (**Dkt. No. 62**) is **DENIED**.

SENIOR UNITED STATES DISTRICT JUDGE